Eddie Paul HARRIS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–73–208.

Court of Criminal Appeals of Oklahoma.

Sept. 21, 1973.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

OPINION

BUSSEY, Judge.

Appellant, Eddie Paul Harris, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Case No. CRF–72–2857, for the offense of Burglary in the Second Degree, After Former Conviction of a Felony, his punishment was fixed at ten (10) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Joseph Kearney testified that on December 1, 1972, he was Assistant Manager of the Tradewinds Capitol Motel and observed two persons in a 1964 Chevrolet in the parking lot. As Kearney and one Terry Woods watched, the persons in the Chevrolet drove to the adjoining parking lot of the Electronics Institute. Kearney and Woods got into their vehicle and drove over to the parking lot and parked by the Chevrolet. He identified the defendant in court as the driver of the Chevrolet. The passenger in the Chevrolet was lying down in the front of an Oldsmobile in the parking lot. Terry Woods got out of the car and asked defendant and his companion what they were doing there and mentioned calling the police. Defendant said that he would just pull over, but instead left the parking lot. He obtained the tag number from the Chevrolet and called the police.

Larry Walden testified that he was a student at the United Electronics Institute on December 1, 1972, and had parked his car in the parking lot, leaving it locked. About 11:30 a. m. the police arrived and he observed that the door on the passenger's side of the Oldsmobile had been forced open and a tape deck partially dismantled from his car.

Officer Black testified that he and his partner, Officer Campbell, investigated an automobile burglary at the Electronics School on the morning in question. After

talking to the witnesses, he ran a registration check on the vehicle described to him. The registration revealed that Edward Harris was the owner of the Chevrolet. They went to his address, noted that the car engine was warm, and placed defendant under arrest.

Officer Campbell's testimony did not differ substantially from the testimony of Officer Black.

Detective Tash testified that on December 2, 1972, he interrogated defendant in the City Jail. After advising defendant of his Miranda rights and ascertaining that defendant understood the same, defendant stated that he and his next door neighbor were out in defendant's car looking for work. They decided to take the stereo from the Oldsmobile because defendant owed his father on the Chevrolet or that he might likely put the stereo in his Chevrolet.

Defendant did not testify nor was any evidence offered in his behalf. The previous conviction was stipulated.

■ The first proposition asserts that the verdict is not supported by the evidence. We have repeatedly held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Turner v. State, Okl.Cr., 479 P.2d 631.

■ The final proposition contends that the punishment is excessive. Suffice it to say that the punishment imposed is the minimum provided by law. In conclusion, we observe the record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

BLISS, P. J., and BRETT, J., concur.